MILLER v. PROCEEDS OF THE KATE HINCHMAN. See Cases Nos. 7,620 and 7,621.

MILLER v. QUERRY. See Case No. 9,583.

MILLER (READ v.). See Case No. 11,610.

MILLER (REARDON v.). See Case No. 11,-616.

---

## Case No. 9,587.
### MILLER v. The REBECCA.
[Bee, 151.] [1]

District Court, D. South Carolina. 1799.

MARITIME LIEN—SUPPLIES—ADVANCES—BOND TAKEN—RECEIPT.

The owner of this vessel pledged her to raise money for repairs, wages, &c. Part of the wages were not proved to have been paid, but advances, specified in the bond as necessary were made beyond the amount of the bottomry bond. Court retained the suit, and ordered payment from sale of the vessel.

The owner of this vessel [Snow Rebecca] being, as the bond itself sets forth, in want of money to fit her out, to pay wages in advance, and repairs necessary to her going to sea, borrowed three hundred dollars from [Stephen] Miller, the master, and duly executed this deed under hand and seal. To do away its validity, a paper has been produced signed by Miller, acknowledging the receipt of a bottomry bond for three hundred dollars in full for two months of his own wages in

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

advance; and of one month's wages, also in advance, of the mate, four seamen, and a boy. It is contended that this money was never paid. But the bond states other purposes and wants, and it has been proved that Miller paid the following sums expressly within the letter of the contract.

| | |
|---|---:|
| For disbursements | $188 00 |
| Butcher's bill | 46 00 |
| Ship carpenter for repairs | 10 18 |
| His own wages amounted to | 66 64 |
| Total | $310 82 |

BY THE COURT. Admitting, then, that the other wages mentioned in the bond are still due, yet more has been expended on account of this vessel than is secured by the deed in question. There has been no fraud or collusion, the lien is just and legal, and as no other court can do complete justice but by a proceeding in rem, I am of opinion that this suit must be retained and the vessel considered as liable for the amount of this bond.

This case was assimilated to Hopkinson, 163; but there, the bond was given to persons who never advanced a shilling for the vessel's use. The consignees of the ship, who could not take a bottomry bond payable to themselves, procured one to be made to a third person, who could not have any legal lien, inasmuch as he had incurred no risque. On account of this collusion, that suit was dismissed.